**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XIQIN WANG,

          Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 08-72459

Agency No. A099-055-381

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

    Xiqin Wang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

The IJ found Wang not credible for a number of reasons, including the implausibility that she would administer medicine she knew to be unqualified to her son, the inconsistency between her asylum application and her testimony regarding whether she was convicted for anti-government activity and disturbing the social order, and her failure to produce reasonably obtainable corroborating evidence. Substantial evidence supports the IJ's adverse credibility determination. *See id*. at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"). In the absence of credible testimony, Wang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Wang does not challenge the IJ's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**

08-72459